MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
MICHAEL H. RAICHELSON (SBN 174607)
michael.raichelson@balboacapital.com
BRIAN DA COSTA (SBN 342660)
brian.dacosta@balboacapital.com
BALBOA CAPITAL CORPORATION
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff,
BALBOA CAPITAL CORPORATION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>LEEVISION OPHTHALMOLOGY SERVICES, PLLC, a New York professional limited liability company; and DAVID H. LEE, an individual,<br><br>            Defendants. | Case No.:<br><br>**PLAINTIFF BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>1) **BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>2) **BREACH OF PERSONAL GUARANTY**<br><br>Amount sought is no less than $ 263,181.85 |

    Plaintiff Balboa Capital Corporation, a California corporation ("Balboa" or "Plaintiff" alleges as follows:

## PARTIES AND JURISDICTION

1. Balboa is a corporation formed under the laws of the State of California, with its principal place of business in the County of Orange in the State of California.

2. Defendant Leevision Ophthalmology Services, PLLC ("Leevision Ophthalmology Services") is, and at all times mentioned herein was, a New York professional limited liability company and doing business in the County of Queens, State of New York.

3. Defendant David H. Lee, ("Lee") is, and at all times herein mentioned was an individual residing and doing business in the County of Queens, State of New York.

4. Defendant Lee is an officer, director, shareholder, agent, member and/or owner of Defendant Leevision Ophthalmology Services.

5. Plaintiff is unaware of the true names, capacities, and relationships of the Doe defendants, as well as the extent to their participation in the conduct herein alleged but are informed and believe and thereon allege that said Doe defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of the Doe defendants when ascertained or when such facts pertaining to their liability are ascertained, or as permitted by law or by the Court.

6. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of

the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

7. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California *Civil Code* Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California *Civil Code* Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

8. Pursuant to the Equipment Financing Agreement and Guaranty described herein below, Defendants agreed that the Equipment Financing Agreement would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **General.** This Agreement **will be governed and construed under the laws of the State of California** without reference to its principle of conflicts of laws and is deemed to have been made and performed in Orange County, CA. **You submit to the exclusive and mandatory jurisdiction of CA** and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, will have exclusive and mandatory jurisdiction over any action or proceeding to enforce this Agreement or any action or proceeding arising out of this Agreement.

9. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

10. <u>Venue</u>. This case is properly venued in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

///
///

# FIRST CLAIM

## (Breach of Equipment Financing Agreement against Defendant Leevision Ophthalmology Services)

11. Balboa incorporates Paragraphs 1 through 10, inclusive, of the Preliminary Allegations herein as though set forth in full.

12. Prior to December 2021, Balboa is informed and believes that Defendant Leevision Ophthalmology Services initiated and engaged with CynoSure located at 5 Carlisle Road, Westford, MA 01886, ("Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment for its business. Thereafter, the Equipment Vendor initiated and engaged with Financial Partners Corporation located at 5418 Title Row Drive, Bradenton, FL 34210 (the "Finance Broker"), in order to finance equipment (the "Collateral") for Defendant Leevision Ophthalmology Services business.

13. Balboa is informed and believes, and therefore alleges, that the Finance Broker initiated and coordinated the submission of Defendants' electronic credit application to Balboa and other financial institutions. Upon review, the Finance Broker concluded that Balboa offered agreeable terms to finance the Collateral commensurate with Defendants' requirements. Thereafter, the Finance Broker accumulated and submitted to Balboa the requisite signatories, documentation, and financial information from the Defendants to finance the Collateral being supplied by the Equipment Vendors.

14. On or about December 27, 2021, Balboa executed and delivered to Defendant Leevision Ophthalmology Services, a certain written Equipment Financing Agreement No. 385210-000 (the "EFA"), under the terms of which Balboa loaned to Defendant Leevision Ophthalmology Services the principal sum of two hundred twenty-nine thousand, six hundred thirty-two dollars and fifty cents ($229,632.50) in order to finance the equipment. The EFA required Defendant

Leevision Ophthalmology Services to make six (6) monthly payments of $99.00 and sixty (60) monthly payments of $5,043.73, payable on the twenty fifth day of each month beginning February 25, 2022. A true and correct copy of the EFA is attached hereto as Exhibit "1" and incorporated herein by reference.

15. The last payment made by Defendant Leevision Ophthalmology Services was credited towards the February 25, 2023, monthly payment. Therefore, on or about March 25, 2023, Defendant Leevision Ophthalmology Services breached the EFA by failing to make the monthly payment due on that date and, therefore, is due for the March 25, 2023 monthly payment. As of the date of the filing of Balboa's Complaint, there became due the sum of $ 5,043.73. Defendant Leevision Ophthalmology Services failure to make timely payments is a default under the terms of the EFA.

16. In accordance with the EFA, and as a proximate result of Defendant Leevision Ophthalmology Services default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa. In addition, pursuant to the EFA, Balboa is entitled to recover all accelerated payments due under the EFA. Therefore, there became due the sum of $ 257,230.25. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Defendant Leevision Ophthalmology Services.

17. Additionally, the terms of the EFA provide that Defendant Leevision Ophthalmology Services is liable to BALBOA for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $ 907.87 are now due and owing.

18. Balboa has performed all of the terms, conditions, and covenants required to be performed by Balboa under the terms of the EFA, except as excused or prevented by the conduct of Defendant Leevision Ophthalmology Services.

19. As a proximate result of Defendant Leevision Ophthalmology Services breach of the EFA, Balboa has been damaged in the total sum of $263,181.85, plus interest at the rate of ten percent (10%) per annum from March 25, 2023, until the entry of judgment herein.

20. Under the terms of the EFA, Defendant Leevision Ophthalmology Services promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs.

## SECOND CLAIM
### (Breach of Personal Guaranty Against Defendant Lee)

21. Balboa incorporates Paragraphs 1 through 20, inclusive, of the Complaint herein as though set forth in full.

22. Concurrent with the execution of the EFA, and to induce Balboa to enter into the EFA with Defendant Leevision Ophthalmology Services, Defendant Lee guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty ("Guaranty") is attached hereto as Exhibit "1" and incorporated herein by reference.

23. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Personal Guaranty, except as excused or prevented by the conduct of Defendant Lee.

24. Following a default by Defendant Leevision Ophthalmology Services, Balboa demanded that Defendant Lee make the payments required under the EFA. Defendant Lee failed to make the payment required under the EFA.

25. Pursuant to the terms of the Personal Guaranty, the sum of $263,181.85, plus interest at the rate of ten percent (10%) per annum from March 25, 2023, is due and payable to Balboa from Defendant Lee. This Complaint, in addition to previous

demands, shall constitute demand upon Defendant Lee to pay the entire indebtedness due and owing from Defendant Leevision Ophthalmology Services to Balboa under the terms of the EFA.

26. Under the terms of the Guaranty, Defendant Lee promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Balboa Capital Corporation prays for Judgment against Defendants, and each of them, as follows:

1. For the total sum of $263,181.85, plus interest at the rate of ten percent (10%) per annum from March 25, 2023;

2. For fees and charges in an amount to be proven at trial;

3. For reasonable attorneys' fees and costs; and

4. For such other and further relief as the Court may deem just and proper.

**BALBOA CAPITAL CORPORATION**

Dated: May 22, 2023

By: *Michael Raichelson*
MARISA D. POULOS
MICHAEL A. RAICHELSON
BRIAN DA COSTA
Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION