1  MARISA D. POULOS (SBN 197904)
   marisa.poulos@balboacapital.com
2  MICHAEL H. RAICHELSON (SBN 174607)
3  michael.raichelson@balboacapital.com
   BRIAN DA COSTA (SBN 342660)
4  brian.dacosta@balboacapital.com
5  BALBOA CAPITAL CORPORATION
   575 Anton Boulevard, 12th Floor
6  Costa Mesa, California 92626
7  Tel: (949) 399-6303

8  Attorneys for Plaintiff,
9  BALBOA CAPITAL CORPORATION

10

11              UNITED STATES DISTRICT COURT
12       CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

13  BALBOA CAPITAL CORPORATION,            Case No.: 8:23−cv−00904 JVS (KESx)
14  a California corporation,

15              Plaintiff,                 **PLAINTIFF BALBOA CAPITAL
                                           CORPORATION'S APPLICATION
16  vs.                                    FOR DEFAULT JUDGMENT BY
                                           CLERK AGAINST DEFENDANTS
17  LEEVISION OPHTHALMOLOGY                LEEVISION OPHTHALMOLOGY
    SERVICES, PLLC, a New York             SERVICES, PLLC AND DAVID H.
18  professional limited liability company; LEE; DECLARATION OF DON
19  and DAVID H. LEE, an individual,       NGO IN SUPPORT THEREOF**

20              Defendants.

21

22

23       TO THE CLERK OF THE ABOVE CAPTIONED COURT:

24       Plaintiff Balboa Capital Corporation ("Balboa") hereby requests a default

25  judgment against defendants Leevision Ophthalmology Services, PLLC, a New

26  York professional limited liability company, and David H. Lee, an individual

27

28
                                        1

(Collectively "Defendants" unless stated otherwise), under Rule 55(b)(1) of the Federal Rules of Civil Procedure.

1. <u>Entry of clerk's default</u>: A request for entry of clerk's default for failure to respond or appear was filed herein on June 23, 2023 (Docket entry no. 12) and the clerk entered the defaults of Defendants on June 27, 2023 (Docket entry no. 13).

2. <u>Proof required for clerk's judgment</u>: The declaration of Don Ngo filed herewith establishes proof of: (a) a sum certain due and owing Balboa by the Defendants; (b) pursuant to a contract; (c) that defendant David H. Lee, an individual, is not in military service and is neither a minor nor an incompetent person; and (d) costs and attorney fees properly awardable by the clerk.

3. Judgment to be entered:

| | |
|---|---:|
| Damages: | $263,181.85 |
| Attorney Fees: | $8,863.63 |
| Costs: | $862.20 |
| **Total Judgment to be Entered:** | **$272,907.68**[1] |

Dated: July 24, 2023

**BALBOA CAPITAL CORPORATION**

/s/ Michael H. Raichelson

By:
MARISA D. POULOS
MICHAEL H. RAICHELSON
BRIAN DA COSTA
Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION

---

[1] For purposes of this Application, Balboa is not requesting prejudgment interest.

# DECLARATION OF DON NGO IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT BY CLERK

I, DON NGO, declare:

1.  I am the Legal Collector and Custodian of Records for Plaintiff Balboa Capital Corporation (hereinafter referred to as "Balboa") and I am authorized to execute this Declaration on its behalf. I have personal and firsthand knowledge of the facts contained within this Declaration, unless otherwise noted, and, if called as a witness to testify under oath, I would testify as follows.

2.  As the Legal Collector and Custodian of Records, among other things, I supervise delinquent accounts and accounts that are in litigation. I carefully review the records and files related to each delinquent account which is the subject of pending litigation so that I am able to evaluate, make recommendations and authorize collection efforts. In addition, I am personally familiar with the record keeping procedures used by Balboa and with the records and files maintained by Balboa in the ordinary course of its operations. All of the books, records and documents relating to the account which is the subject of this litigation are kept and maintained in the ordinary course of business under my supervision and control. All of the entries reflected in these writings are made on or about the date indicated.

3.  I have personally reviewed Balboa's records and files in connection with defendants Leevision Ophthalmology Services, PLLC, a New York professional limited liability company, and David H. Lee, an individual (hereinafter referred to collectively as "Defendants" unless specific otherwise). I have personal knowledge of the amounts due and owing on this account because I have reviewed and confirmed the terms of the Equipment Finance Agreement at issue, the Defendants' pay history and Balboa's payment records for this account.

4.  I am informed and believe that the Defendants have not appeared in this action and have not responded to the complaint within the time permitted by law. As

3

PLAINTIFF BALBOA CAPITAL CORPORATION'S APPLICATION FOR DEFAULT JUDGMENT BY CLERK AGAINST DEFENDANTS LEEVISION OPHTHALMOLOGY SERVICES, PLLC AND DAVID H. LEE

a result, a request for entry of clerk's default for failure to respond or appear was filed herein on June 23, 2023 (Docket entry no. 12) and the clerk entered the defaults of Defendants on June 27, 2023 (Docket entry no. 13).

5.  Defendant David H. Lee is not a minor, incompetent person, or a person in military service or otherwise exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940. Defendant Leevision Ophthalmology Services, PLLC is an Indiana limited liability company. A true and correct copy of confirmation from the Official Servicemembers Civil Relief Act Website that David H. Lee is not in the military service is attached hereto as Exhibit 1 and incorporated herein by reference.

6.  As detailed below, there is now due and owing under an equipment finance agreement in the sum of $263,181.85. This sum has not been paid. In addition, as detailed below, Balboa is entitled to reasonable attorney fees pursuant to the terms of the business loan agreement and promissory note sued upon herein. The amount of reasonable attorney fees is fixed by Local Rule 55-3 in the sum of $8,863.63. Finally, Balboa has incurred recoverable costs in the sum of $862.20. Thus, Balboa is requesting that the Clerk enter a default judgment in the total sum of **$272,907.68[2].**

7.  This action involves a claim for damages by Balboa against Defendants under an Equipment Finance Agreement, as follows: On or about December 27, 2021, Balboa executed and delivered to Leevision Ophthalmology Services, PLLC a certain written Equipment Financing Agreement No. 385210-000 ("EFA"), under the terms of which Balboa loaned to Defendant Leevision Ophthalmology Services

---

[2] For purposes of this Application, Balboa is not requesting prejudgment interest.

4

**PLAINTIFF BALBOA CAPITAL CORPORATION'S APPLICATION FOR DEFAULT JUDGMENT BY CLERK AGAINST DEFENDANTS LEEVISION OPHTHALMOLOGY SERVICES, PLLC AND DAVID H. LEE**

the principal sum of two hundred twenty-nine thousand, six hundred thirty-two dollars and fifty cents ($229,632.50) in order to finance equipment for its business (the "Collateral"). The EFA required Defendant Leevision Ophthalmology Services, PLLC to make six (6) monthly payments of $99.00 and sixty (60) monthly payments of $5,043.73, payable on the twenty fifth day of each month beginning February 25, 2022. A true and correct copy of the EFA is attached hereto as Exhibit 2 and incorporated herein by reference.

8. Concurrent with the execution of the EFA, and to induce Balboa to enter the EFA with Leevision Ophthalmology Services, PLLC, David H. Lee personally guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA.  A true and correct copy of the written Personal Guaranty (hereinafter referred to as the "Guaranty") is page one of Exhibit 2 (i.e., the first page of Exhibit 2), which is attached hereto and incorporated herein by reference.

9. Upon Defendant Leevision Ophthalmology Services, PLLC's default under the EFA, Balboa demanded that Defendant David H. Lee pay the sums due to Balboa under the EFA. Before initiating this litigation, I confirmed that Defendant David H. Lee has refused and continues to refuse to pay to Balboa the sums due as set forth below under the EFA.

10. The EFA, including the Guaranty, which is made in the regular course of Balboa's business, was prepared by the sales representative at or near the time that the parties agree to the specific terms. Thereafter, the sales representative inserted the actual terms of the agreement and sent the completed EFA to Defendants for signature. If the terms of the EFA deviated from the terms agreed to by the parties, Balboa would have sent Defendants a revised EFA. In this case, owner and authorized signer on behalf of Defendant Leevision Ophthalmology Services, PLLC,

Defendant David H. Lee, executed the EFA on November 15, 2022, which supports that the information in the EFA is accurate and trustworthy.

11. After specifically reviewing and analyzing Defendants' pay history records in connection with the EFA, I noticed the last payment received by Balboa was credited to the February 25, 2023 payment on Defendants' account. Therefore, on or about March 25, 2023, Defendant Leevision Ophthalmology Services, PLLC breached the EFA by failing to make its March 25, 2023 payment. Moreover, no further payments have been made since the payment that was credited toward Defendants' February 25, 2023 payment. Defendant Leevision Ophthalmology Services, PLLC's failure to make timely payments constitutes as a default under the terms of the EFA, and Defendant David H. Lee's failure to make timely payments constitutes a default under the terms of the Guaranty. A true and correct copy of Defendants' pay history is attached hereto as Exhibit 3. The attached pay history records are made and kept in the regular course of Balboa's business. In addition, information relating to Defendants' pay history is entered into Balboa's electronic portfolio management system at or near the time when payment was received or not received.

12. Therefore, on or about March 25, 2023, Defendant Leevision Ophthalmology Services, PLLC breached the EFA and Defendant David H. Lee breached the Guaranty by failing to make the monthly payment due on that date and, therefore, is due for the March 25, 2023 monthly payment. As of the date of the filing of Balboa's Complaint, there became due the sum of $5,043.73 for the unpaid March 25, 2023 monthly payment. This information was entered in the regular course of Balboa's business. If any information existed that the payment history for Defendants in this case was inaccurate, I would have updated it. Under the terms of the EFA, and the Guaranty, which I have reviewed on numerous occasions,

Defendants failure to make the monthly payments as those payments come due is a default.

13. In accordance with the EFA, and as a proximate result of Defendant Leevision Ophthalmology Services, PLLC's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa. In addition, pursuant to the EFA, Balboa is entitled to recover all accelerated payments due under the EFA. Therefore, in addition to the March 25, 2023 payment missed payment in the sum of $5,043.73, there also became due the sum of $257,230.25. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Defendant Leevision Ophthalmology Services, PLLC.

14. Additionally, the terms of the EFA provide that Defendant Leevision Ophthalmology Services is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $ 907.87 are now due and owing.

15. Therefore, **I calculated that there became due the sum of $263,181.85**. This amount is exclusive of interest, attorneys' fees and costs, no portion of which has been paid by Defendants.

16. After a complete and thorough review of the account records, I confirmed that Balboa has performed all of the terms, conditions, and covenants required to be performed by Balboa under the terms of the EFA, except as excused or prevented by the conduct of Defendant Leevision Ophthalmology Services, PLLC and Defendant David H. Lee.

17. After reviewing the account records, I have knowledge that although demands were made, the sums due under the EFA and Guaranty have not been paid. Again, based on personal review of the files and records, I have calculated that the following sums are now past due, owing and unpaid from Defendant Leevision

Ophthalmology Services, PLLC and Defendant David H. Lee under the EFA and Guaranty: **Total Amount Due as of May 22, 2023: $263,181.85**

18. As the Legal Collector and Custodian of Records for Balboa, had any additional payments been received by Balboa for this account, I would have knowledge about it based on my review of the records and knowledge of the payment history. Further, it was and remains the custom and practice of Balboa to record in its books and records the receipt of any such payments at or closely following the time any such payment was received.

19. I know these procedures and records to be accurate. I have reviewed the records and there is no record of the receipt of any additional payments. The absence of any such entries indicates that no such payment was received and the amount set forth above in Paragraph 16 are accurate, due and owing to Balboa.

20. Pursuant to Default and Remedies term of the EFA, Defendants agreed to pay all costs, including reasonable attorneys' fees incurred by Balboa in the enforcement of the EFA. The Default and Remedies term provides in relevant part as follows: "If any one of the following occurs, you will be in default: (i) you fail to pay any amount under this Agreement when due . . . Upon your default, we may . . . (c) accelerate and declare all sums due and to become due hereunder immediately due and payable . . . (e) [Balboa] may sue for and recover from Debtor . . . (3) all other costs or expenses paid or incurred by [Balboa] at any time in connection with the . . . enforcement or exercise of any of [Balboa's] rights and remedies under this Agreement, including but not limited to, attorneys' fees and costs . . ." In addition, the Guaranty provides that Defendant David H. Lee agrees "to pay [Balboa] all [Balboa] expenses in enforcing this Guaranty." Thus, Balboa is entitled to reasonable attorney fees and costs pursuant to the terms of the EFA and Guaranty sued upon herein.

21. The amount of reasonable fees is fixed by Local Rule 55-3 for $5,600.00 plus $3,263.63 (2% of the amount over $100,000) in the sum of $8,863.63. In addition, Balboa incurred a $402 filing fee for the Complaint in this matter, as well as service of process fees of $167.60 for service on defendant David H. Lee and $292.60 for service on Defendant Leevision Ophthalmology Services, PLLC for total costs of $862.20. Please see page two of Docket entry nos. 11 and 10 respectively confirming the costs for serving Defendants.

22. So, Balboa also requests costs and attorney's fees in the sum of $9,725.83.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that the documents attached hereto are true and correct copies of what they purport to be.

Executed this 21st day of July, 2023, in Calabasas, California.

/s/ Don Ngo

Don Ngo

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 575 Anton Boulevard, 12th Floor, Costa Mesa, California 92626. On July 24, 2023, I served the within document(s):

PLAINTIFF BALBOA CAPITAL CORPORATION'S APPLICATION FOR DEFAULT JUDGMENT BY CLERK AGAINST DEFENDANTS LEEVISION OPHTHALMOLOGY SERVICES, PLLC AND DAVID H. LEE; DECLARATION OF DON NGO IN SUPPORT THEREOF

on all the interested parties by placing true and correct copies thereof addressed as shown on the attached list, as designated below:

( X )  BY FIRST CLASS MAIL: By placing a true copy thereof enclosed in a sealed envelope with first class postage thereon fully prepaid in the United Stated Post Office at Costa Mesa, California, addressed as set forth below. I am "readily familiar" with Balboa Capital Corporation's practice for collection and processing of mail. Under that practice such envelope(s) would be placed with the United States Postal Service on the date specified below with postage there on fully prepaid at Costa Mesa, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing the affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 24, 2023                           /s/ Maria Cruz
                                               Maria Cruz

# SERVICE LIST

LEEVISION OPHTHALMOLOGY SERVICES, PLLC
c/o DAVID H. LEE, Owner/Authorized Agent
14218 38th Ave Ste A
Flushing, NY 11354-5654

DAVID H. LEE
14218 38th Ave Ste A
Flushing, NY 11354-5654

PLAINTIFF BALBOA CAPITAL CORPORATION'S APPLICATION FOR DEFAULT JUDGMENT BY CLERK AGAINST DEFENDANTS LEEVISION OPHTHALMOLOGY SERVICES, PLLC AND DAVID H. LEE